IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| WILLIE PATTERSON, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | NO. 7:05-CV-5 (HL) |
| | : | |
| ASHLEY PAULK; LOWNDES COUNTY JAIL STAFF AND PERSONNEL; MEDICAL STAFF; SECURED HEALTH CARE; SHIRLEY LEWIS; LOUISE WHITE, | : : : | **PROCEEDINGS UNDER 42 U.S.C. §1983 BEFORE THE U. S. MAGISTRATE JUDGE** : |
| | : | |
| | : | |
| Defendants | : | **RECOMMENDATION** |

Plaintiff **WILLIE PATTERSON**, a pre-trial detainee at Lowndes County Jail, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff also filed a motion to proceed *in forma pauperis* and this motion was granted by the Court in an Order dated October 7, 2005.

## *I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege

or immunity secured by the Constitution of the United States. See *Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. STATEMENT AND ANALYSIS OF CLAIMS

A. Allegations against Nurse Shirley Louis and Nurse Louise White

Plaintiff filed his original complaint on January 28, 2005 and filed a supplement to this complaint on October 25, 2005. A review of both of these filings reveals the following: Plaintiff was arrested in June or July 2005 and shortly thereafter developed a infection in his foot. Plaintiff alleges that he contracted the infection from a dirty shower at the Lowndes County Jail. Plaintiff states that his foot became very swollen and he had difficulty walking. Plaintiff alleges that he was given an antibiotic; but his foot did not improve and it eventually "burst."

According to plaintiff, he was assigned to a top bunk that had no ladder to allow him to get up and down from the bunk. Due to the lack of a ladder and his infected foot, Plaintiff states that one morning he fell from the bunk and "had to crawl almost 1500 f[ee]t or more to medical." Plaintiff alleges that when he arrived at the medical unit, Nurse Shirley Lewis refused him medical care because she was about to leave. Plaintiff states that Nurse Lewis told him that she would call him the next morning. According to plaintiff, Nurse Lewis never called him.

Plaintiff states that following the fall, he began to experience severe pain in his hip and back. He alleges that "after a lengthy time of filling out sick call slips . . . an[d] complaining about the pain," he was able to see Nurse Louise White. According to plaintiff, Nurse White refused to provide him any medical treatment and told him that he was "just getting old."

Plaintiff alleges that he is still experiencing severe pain in his back and hip and he is still being refused adequate medical care. Plaintiff states that he has been given only aspirin for pain and that his back and hip have never been x-rayed or examined.

At this time, the Court cannot say that plaintiff's allegation that Nurse Lewis and Nurse White denied him medical care is frivolous. Therefore, in a separate Order of this date, the

Undersigned has ordered that this action proceed against Nurse Shirley Lewis and Nurse Louise White.

B.  Allegations against Ashley Paulk and Secured Health Care

The only allegation that plaintiff makes against Sheriff Ashley Paulk is that "the Sheriff is responsible for the conduct of his officers on the staff."   It is well-settled that a plaintiff cannot prevail under 42 U.S.C. § 1983 based on a theory of respondeat superior or supervisory liability. ***Rogers v. Evans***, 792 F.2d 1052 (11th Cir. 1986); ***H.C. by Hewett v. Jarrard***, 786 F.2d 1080 (11th Cir. 1986).  Instead the plaintiff must show that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation.  ***H.C. by Hewett***, 786 F.2d at 1086-87.  "The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so.   The deprivations that constitute widespread abuse sufficient to notify supervising officials must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." ***Brown v. Crawford***, 906 F.2d 667, 671 (11th Cir. 1990), ***cert. denied***, 500 U.S. 933 (1991).

Plaintiff does not allege that Sheriff Ashley Paulk was personally involved in any of his alleged constitutional deprivations.  Moreover, plaintiff's assertions do not establish the causal connection necessary to hold Ashley Paulk responsible for any alleged constitutional deprivations.

The same can be said for Secured Health Care.  The only allegation that plaintiff makes against this entity is that "the nurses work for Secured Health Care."  Because a defendant canot be held liable under §1983 on a respondeat superior or vicarious liability basis, Secured Health Care cannot be held liable for the alleged actions or inactions of its employees in this case.

For these reasons, the Undersigned **RECOMMENDS** that Sheriff Ashley Paulk and Secured Health Care be dismissed.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this

recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

C.  Allegations against Lowndes County Jail Staff and Personnel and Medical Staff

Plaintiff has named the Lowndes County Jail Staff and Personnel and the Medical Staff as defendants in this action.  However, these terms are too vague and ambiguous.  Moreover, a complaint and summons cannot be served on parties who are not specifically identified.  Therefore, the Undersigned **RECOMMENDS** that the unnamed jail staff, personnel, and medical staff be dismissed without prejudice to the rights of plaintiff to amend his complaint should he subsequently discover the identities of these individuals.  Plaintiff is advised that if he wishes to amend his complaint and specifically name these individuals, he must do so before the applicable statute of limitations expires.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

**SO RECOMMENDED**, this 26th day of June, 2006.

/S/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

lnb