IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| WILLIE PATTERSON, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | NO. 7:05-CV-5 (HL) |
| | : | |
| ASHLEY PAULK, et al., | : | **PROCEEDINGS UNDER 42 U.S.C. §1983** |
| | : | **BEFORE THE U. S. MAGISTRATE JUDGE** |
| | : | |
| Defendants | : | **ORDER** |

Plaintiff **WILLIE PATTERSON**, formerly a a pre-trial detainee at Lowndes County Jail, filed his original *pro-se* complaint on January 28, 2005 and filed a supplement to this complaint on October 25, 2005.

In these two documents, plaintiff complained that he was arrested in June or July 2005 and shortly thereafter developed an infection in his foot. Plaintiff alleged that he contracted the infection from a dirty shower at the Lowndes County Jail. Plaintiff stated that his foot became very swollen and he had difficulty walking. Plaintiff alleged that he was given an antibiotic; but his foot did not improve and it eventually "burst."

According to plaintiff, he was assigned to a top bunk that had no ladder to allow him to get up and down from the bunk. Due to the lack of a ladder and his infected foot, Plaintiff stated that one morning he fell from the bunk and "had to crawl almost 1500 f[ee]t or more to medical." Plaintiff alleged that when he arrived at the medical unit, Nurse Shirley Lewis refused him medical care because she was about to leave. Plaintiff stated that Nurse Lewis told him that she would call him the next morning. According to plaintiff, Nurse Lewis never called him.

Plaintiff stated that following the fall, he began to experience severe pain in his hip and back. He alleged that "after a lengthy time of filling out sick call slips . . . an[d] complaining about the

pain," he was able to see Nurse Louise White. According to plaintiff, Nurse White refused to provide him any medical treatment and told him that he was "just getting old."

Based on these allegations, the Undersigned entered an Order (dated June 26, 2006) that allowed plaintiff's action to proceed against Nurse Shirley Lewis and Nurse Louise White. (R. at 15). However, plaintiff also named Sheriff Ashley Paulk and Secured Health Care in his complaint. Because defendants cannot be held liable based on a theory of respondeat superior, the Undersigned entered a Report and Recommendation on June 26, 2006 that recommenced these two defendants be dismissed. (R. at 14).

Plaintiff also named the "Lowndes County Jail Staff and Personnel" and the "Medical Staff" as defendants in this action. In the Report and Recommendation, the Undersigned explained to plaintiff that these terms are too vague and ambiguous and that a complaint and summons cannot be served on parties who are not specifically identified. (R. at 14). Therefore, the Undersigned recommended that the unnamed jail staff, personnel, and medical staff be dismissed without prejudice to the rights of plaintiff to amend his complaint should he subsequently discover the identities of these individuals. (R. at 14).

Since that time, plaintiff has filed two motions to amend his complaint to add additional parties. First, on July 3, 2006, plaintiff filed a motion to add "Captain Pete because he work (sic) for the Shireff (sic) [and] run (sic) the jail." (R. at 19). In an Order dated August 7, 2006, the Undersigned explained as follows as plaintiff:

> Plaintiff's motion to amend is DENIED without prejudice to file another motion to amend to add parties that states with particularity the names of the parties and plaintiff's theory for joining them to this lawsuit, i.e. a more complete explanation of how these individuals violated plaintiff's constitutional rights.

(R. at 20).

Thereafter, on November 16, 2006, plaintiff filed an "Amended Statement of Claim." (R. at 27). In this, plaintiff seemed to maintain that Sheriff Paulk is a proper defendant because he is

"responsible to provide medical care to all of prisoners."  However, for reasons already explained at length to plaintiff in the June 26, 2006 Report and Recommendation, Sheriff Paulk cannot be held liable on the basis of respondeat superior and he will not be added back to this action.

Moreover, plaintiff stated that "Moore" had the powed (sic) to assist plaintiff but left plaintiff unattended to."  (R. at 27).  This is far too general an allegation for this party to be added to the complaint.  Even viewing this motion to amend as liberally as possible, the Court has no way of knowing how, or if, "Moore" violated plaintiff's constitutional rights.

Therefore, to the extent that plaintiff seeks to name Sheriff Paulk and "Moore" as defendants, his motion to amend is **DENIED**.

Also in the November 16, 2006 "Amended Statement of Claim," plaintiff explained that he complained to Officer Rawl and Officer Floyd regarding his difficulty walking up and down the stairs and his inability to get to his assigned top bunk due to his infected foot.  Plaintiff stated that these defendants refused to move him from the top bunk and his infection worsened; until his foot "burst" one day when he fell from the top bunk. (R. at 27).

Plaintiff also explained that when his foot "burst," Officer James refused to assist plaintiff in getting medical attention. (R. at 27).

Plaintiff also stated that he notified Captain Pete, Lt. Elkins, and Sgt. Swain regarding his lack of medical care, but they did not help him receive medical care.  (R. at 27).

To the extent that plaintiff seeks to add Officer Rawl, Officer Floyd, Officer James, Captain Pete, Lt. Elkins, and Sgt. Swain to this action, his request to amend is **GRANTED**.  Accordingly, it is hereby **ORDERED** that service be made as provided by law upon defendants **OFFICER RAWL, OFFICER FLOYD, OFFICER JAMES, CAPTAIN PETE, LT. ELKINS, AND SGT SWAIN**, and that they file a Waiver of Reply, an Answer, or such other response as may be

appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the *Prison Litigation Reform Act*.

      **SO ORDERED**, this 30th day of November, 2006.

                                  */s/ Richard L. Hodge*
                                  RICHARD L. HODGE
                                  UNITED STATES MAGISTRATE JUDGE

lnb