IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| WILLIE PATTERSON, | : | |
| --- | --- | --- |
| Plaintiff, | : | |
| vs. | : | Civil Action File No. |
| | : | **7:05-CV-5 (HL)** |
| SHIRLEY LEWIS, et. al., | : | |
| Defendants. | : | |

### RECOMMENDATION

Presently pending in the *pro se* prisoner 42 U.S.C. § 1983 action are a motion for summary judgment filed by defendants Shirley Lewis and Louise White (doc. 41) and a motion for summary judgment filed by the remaining defendants, Rawl, Floyd, James, Peete, Elkins, and Swain. (Doc. 47).

Plaintiff filed his original complaint on January 28, 2005 and filed a supplement to this complaint on October 25, 2005. A review of both of these filings reveals the following: Plaintiff was arrested in June or July 2005 and shortly thereafter developed a infection in his foot. Plaintiff alleges that he contracted the infection from a dirty shower at the Lowndes County Jail. Plaintiff states that his foot became very swollen and he had difficulty walking. Plaintiff alleges that he was given an antibiotic; but his foot did not improve and it eventually "burst."

According to plaintiff, he was assigned to a top bunk that had no ladder to allow him to get up and down from the bunk. Due to the lack of a ladder and his infected foot, Plaintiff states that one morning he fell from the bunk and "had to crawl almost 1500 f[ee]t or more to medical." Plaintiff alleges that when he arrived at the medical unit, Nurse Shirley Lewis refused him

medical care because she was about to leave. Plaintiff states that Nurse Lewis told him that she would call him the next morning. According to plaintiff, Nurse Lewis never called him.

Plaintiff states that following the fall, he began to experience severe pain in his hip and back. He alleges that "after a lengthy time of filling out sick call slips . . . an[d] complaining about the pain," he was able to see Nurse Louise White. According to plaintiff, Nurse White refused to provide him any medical treatment and told him that he was "just getting old." Plaintiff alleges that he is still experiencing severe pain in his back and hip and he is still being refused adequate medical care. Plaintiff states that he has been given only aspirin for pain and that his back and hip have never been x-rayed or examined.

In the November 16, 2006 "Amended Statement of Claim," plaintiff explained that he complained to Officer Rawl and Officer Floyd regarding his difficulty walking up and down the stairs and his inability to get to his assigned top bunk due to his infected foot. Plaintiff stated that these defendants refused to move him from the top bunk and his infection worsened; until his foot "burst" one day when he fell from the top bunk. (R. at 27).

Plaintiff also explained that when his foot "burst," Officer James refused to assist plaintiff in getting medical attention. (R. at 27). Plaintiff also stated that he notified Captain Pete, Lt. Elkins, and Sgt. Swain regarding his lack of medical care, but they did not help him receive medical care. (R. at 27).

*Summary Judgment Standard*

In determining a summary judgment motion, the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Welch v. Celotex Corp., 951 F.2d 1235 (11th Cir. 1992)(citing Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475

U.S. 574 (1986). However, once the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

When the nonmoving party has the burden of proof at trial, the moving party may carry its burden at summary judgment either by presenting evidence negating an essential element of the nonmoving party's claim, or by pointing to specific portions of the record which demonstrate that the nonmoving party cannot meet its burden of proof at trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-608 (11th Cir. 1991).

The existence of material disputed facts will not defeat summary judgment in favor of a public official, however, when the plaintiff "fails to make a showing sufficient to establish the existence of an element essential to [plaintiff's] case, and on which [plaintiff] will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322-23, 106 S.Ct. at 2552. Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

Pre-trial detainees may prove a Fourteenth Amendment substantive due process claim based upon denial of medical care by showing that the government was deliberately indifferent to a

detainee's serious medical needs in the context of the Eighth Amendment. City of Revere v. Mass. General Hosp., 463 U.S. 239 (1983) and Hamm v. Dekalb County, 774 F.2d 1567 (11th Cir. 1985), cert. denied in 475 U.S. 1096 (1986).

It is well established that prison personnel may not subject inmates to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97 (1976). However, "[m]ere incidents of negligence or malpractice do not rise to the level of constitutional violations." It must involve the "unnecessary and wanton infliction of pain contrary to contemporary standards of decency." Helling v. McKinney, 509 U.S. 25 (1993). Knowledge of the medical need alleged or circumstances clearly indicating the existence of such need is essential to a finding of deliberate indifference. Hill v. Dekalb Regional Youth Detention Center, 40 F.3d 1176, 1191 (11th Cir. 1994), quoting Horn ex rel. Parks v. Madison Co. Fiscal Court, 22 F.3d 653, 660 (6th Cir. 1994), cert. denied, 513 U.S. 873 (1994). In the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment. "It is......true that when a prison inmate has received medical care, courts hesitate to find an Eighth Amendment violation." McElligott v. Foley, 182 F.3d 1248, 1256-1257 (11th Cir. 1999).

A medical need is considered "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity

4

for a doctor's attention." <u>Hill v. Dekalb Reg'l Youth Det. Ctr.</u>, 40 F.3d 1176, 1187 (11th Cir.1994) (quotation marks and citation omitted). The medical care provided to an inmate must be reasonable. <u>Patterson v. Riddle</u>, 407 F. Supp. 1035 (E.D. Va. 1976). However, "it is not required that the medical care provided to the inmate be perfect, the best obtainable, or even very good." <u>Estelle</u>, 429 U.S. at 106. *See also* <u>Harris v. Thigpen</u>, 941 F.2d 1495, 1510 (11th Cir. 1991); <u>Brown v. Beck</u>, 481 F. Supp. 723, 726 (S.D. Ga. 1980); <u>Hawley v. Evans</u>, 716 F. Supp. 601, 603 (N.D. Ga.1989).

*1. Defendants Lewis and White's Motion for Summary Judgment (doc. 41)*

Defendants Lewis and White have submitted affidavits that essentially assert that they acted "with the utmost diligence and due care in providing medical care to Plaintiff......with full and complete services relative to his medical needs." (Affidavits, Lewis and White doc. 41). Defendants also attach some of plaintiff's medical records (Exhibit 3 doc. 41).

In response to the defendants' motion for summary judgment, plaintiff has filed a brief, an affidavit, and some supporting documentation concerning his issues with the medical care he has received while at Lowndes County Jail.

Construing the facts in favor of plaintiff as the non-movant, it appears that plaintiff did receive *some* medical care relative to his foot and back issues. According to plaintiff's affidavit, he was arrested and placed in Lowndes County Detention Center on or about June 5, 2004. Within a few days, plaintiff's foot becomes infected. On June 11, 2004, plaintiff's foot is examined by defendant Lewis, a physician is called for a prescription, which is then administered to plaintiff. On June 13 or 14, 2004, plaintiff fell off his top bunk. Plaintiff requests treatment. Plaintiff is examined by defendant White, and pain medication is

5

administered. On December 6, 2004, plaintiff requests treatment, plaintiff is seen in medical, and is still taking pain medication. On December 14, 2004, plaintiff requests medical treatment for his back, and is examined on December 15, 2004, where he is prescribed stronger pain medication for 60 days. On February 12, 2005, plaintiff is returned to previous pain medication, but wants to stay on stronger pain medication. Plaintiff continues to request stronger pain medication on April 1, 2005, April 4, 2005. April 17, 2005. Plaintiff is examined by a physician on June 6, 2005, who orders an x-ray and new pain medication for plaintiff. Plaintiff requests the results from the x-ray, and is verbally told they were negative on June 16, 2005. Plaintiff requests the results in writing, which are given to him on December 10, 2005. (Doc. 49).

The issue in this action is whether the delay of several days between the time the plaintiff says he notified medical about his foot infection, on or about June 6, 2004, and the time he was first seen in medical, on June 11, 2004, evidenced deliberate indifference. Plaintiff says the treatment did not work, and consequently his foot "burst" shortly thereafter, which required him to crawl to medical for further treatment. Plaintiff also takes issue with the delay in receiving pain medication stronger than aspirin for his foot and back pain, and the delay in receiving an x-ray for his back. Plaintiff does not dispute that he received aspirin and other over-the counter pain medication.

The record in this case and plaintiff's own affidavit shows that he received on-going care for his foot and his back pain. It was obviously not quick enough to suit plaintiff, and he complains that the pain medication he received at times was inadequate for his pain. However, it is also clear from reviewing the entire record that plaintiff did not suffer significant harm from the delay in receiving medical treatment. To demonstrate "significant" harm, a plaintiff must provide

verifying medical evidence that proves that it was the denial or delay in medical treatment that caused the harm rather than an underlying condition or injury. Hill, 40 F.3d at 1186; Harris, 21 F.3d at 393-94 (11th Cir.1994).

This case also presents a classic example of a plaintiff's disagreement with the medical judgment used in plaintiff's treatment, sounding in medical malpractice. "[M]ere differences in opinion regarding medical treatment do not give rise to an Eighth Amendment claim." Estelle, 429 U.S. at 846.

Nothing plaintiff has provided the court, nor anything revealed by a review of the record, rebuts defendants' motion for summary judgment.

### *2. Remaining Defendants' Motion for Summary Judgment (Doc. 47)*

The remaining defendants, Elkins, Peete, Rawl, James, Floyd, and Swain, have filed what can only be described as a "me, too" or piggyback motion for summary judgment, stating that since the motion for summary judgment filed by defendants White and Lewis shows that plaintiff received proper medical care, it necessarily follows that these defendants were not deliberately indifferent to plaintiff's serious medical needs.

Again, assuming that everything plaintiff states in his affidavit is true, it does not appear that these defendants were deliberately indifferent to his serious medical needs. Plaintiff received some medical care, even if it was not the kind he wanted or as quick as he wanted. To demonstrate "significant" harm, a plaintiff must provide verifying medical evidence that proves that it was the denial or delay in medical treatment that caused the harm rather than an underlying condition or injury. Hill, 40 F.3d at 1186; Harris, 21 F.3d at 393-94 (11th Cir.1994).

In the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment. "It is......true that when a prison inmate has received medical care, courts hesitate to find an Eighth Amendment violation." McElligott v. Foley, 182 F.3d 1248, 1256-1257 (11th Cir. 1999).

The undersigned consequently finds that all defendants are entitled to summary judgment, and that their motions for summary judgment should be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 27th day of February, 2008.

          //S Richard L. Hodge
          RICHARD L. HODGE
          UNITED STATES MAGISTRATE JUDGE

msd